UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re

Ocean Realty Partners LLC,           Chapter 11
                                              Case No. 21-10025-JEB

         Debtor

**UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7 OR, IN
THE ALTERNATIVE, TO DISMISS CASE
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee ("UST") moves the Court to convert the chapter 11 case of Ocean Realty Partners LLC ("Debtor") to chapter 7 or, in the alternative, to dismiss the case because:

- the Debtor's counsel of record, James P. Ehrhard, Esq. ("Attorney Ehrhard"), has failed to file and application to be employed as the Debtor's counsel and supporting affidavit as required by 11 U.S.C. 327(a), Fed. R. Bankr. P 2014(a) and MLBR 2014-1 and 9010-1(g);[1]

- the Debtor's monthly operating report ("MOR") for February, 2021 lists receipts of $1,400, disbursements of $156, and an ending cash balance of $3,412.50. Conversely, the Debtor's TD Bank DIP account (0394) statement dated February 11, 2021 lists a deposit of $1,325 and no disbursements and the Debtor's pre-petition Citizens Bank account (7537) statement dated February 1-28, 2021 lists deposits of $21,500, disbursements of $21,180.74, and ending cash of $1,136.72. (Exhibit A). To date, the Debtor has not submitted an

---

[1] On January 11, 2021, Attorney Neil Kreuzer filed a voluntary Chapter 11 petition ("Petition Date"). On January 19, 2021, Attorney Ehrhard filed a notice of appearance by Debtor. On February 13, 2021, Attorney Ehrhard filed a disclosure of compensation of attorney for Debtor indicating that Eric Appleton paid $9,000, post-petition.

1

MOR and supporting bank statements for March, 2021 (due by April 15, 2021);

- based upon information and belief, a review of the verified complaint filed in Worcester Superior Court by plaintiff/creditor/former member, Todd Stamoulis vs. the Debtor, et al (Civil Action No. 2085CV01210D) ("Stamoulis Complaint") (Exhibit B) and the testimony of Eric Appleton at section 341 meetings convened on February 26, 2021, March 11, 2021, March 19, 2021, the Debtor has failed to file amended Schedules and Statement of Financial Affairs that accurately disclose the Debtor's assets, liabilities, financial condition and business dealings including, but not limited to, the following: to remove accounts receivable, to more clearly describe causes of action, to list the date, basis, and amount of the nonpriority unsecured claim of related entity, Ocean Development LLC, to accurately list the gross revenue figures for the business, to identify all transfers of money or property within two years prior to the Petition Date including 1 Railway Bluffs, West Yarmouth, MA, which was allegedly transferred by the Debtor for consideration of $1 on February 1, 2019 per the Stamoulis Complaint, the Debtor's current 100% member and the Debtor's former 100% member;

- the Debtor has failed to submit all documents and information requested by the UST at the initial debtor interview ("IDI") including a verification of pre-petition account closing, a 2020 Federal tax return, when available, pre-petition bank statements and checks for the period of January through August, 2020 for Citizens Bank account ending 7537, and information concerning the value and any encumbrances relating to the properties allegedly transferred by the Debtor per the Stamoulis Complaint;

- due to the above deficiencies, the section 341 meeting has been continued to Thursday, April 8, 2021 at 10 a.m.;

- during the three months that this case has been pending, the Debtor has failed to file a meaningful disclosure statement and a feasible plan of reorganization;[2] and

- conversion to chapter 7 or dismissal is in the best interest of creditors and the estate.

In support, the UST states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. 1408 and 1409. The statutory predicates for relief are 28 U.S.C. 586(a)(3), 11 U.S.C. 307 and 1112(b) and Fed. R. Bankr. P. 1017.

**FACTS**

2. The Debtor filed a skeletal voluntary Chapter 11 petition on the Petition Date. (D.E. #1).

3. Attorney Ehrhard has failed to file and application to be employed as the Debtor's counsel and supporting affidavit as required by 11 U.S.C. 327(a), Fed. R. Bankr. P 2014(a) and MLBR 2014-1 and 9010-1(g).

4. The Debtor's MOR for February, 2021 lists receipts of $1,400,

---

[2] Upon information and belief, this case primarily involves a two- party dispute between the Debtor's current or former member(s) including Nicholas Fiorillo and

disbursements of $156, and an ending cash balance of $3,412.50. Conversely, the Debtor's TD Bank DIP account (0394) statement dated February 11, 2021 lists a deposit of $1,325 and no disbursements and the Debtor's pre-petition Citizens Bank account (7537) statement dated February 1-28, 2021 lists deposits of $21,500, disbursements of $21,180.74, and ending cash of $1,136.72. To date, the Debtor has not submitted an MOR and supporting bank statements for March, 2021 (due by April 15, 2021).

5.  Based upon information and belief, a review of the Stamoulis Complaint and the testimony of Eric Appleton at section 341 meetings convened on February 26, 2021, March 11, 2021, March 19, 2021, the Debtor has failed to file amended Schedules and Statement of Financial Affairs that accurately disclose the Debtor's assets, liabilities, financial condition and business dealings including, but not limited to, the following: to remove accounts receivable, to more clearly describe causes of action, to list the date, basis, and amount of the nonpriority unsecured claim of related entity, Ocean Development LLC, to accurately list the gross revenue figures for the business, to identify all transfers of money or property within two years prior to the Petition Date including 1 Railway Bluffs, West Yarmouth, MA, which was allegedly transferred by the Debtor for

---

Todd Stamoulis. The UST has requested that the Debtor file a motion to set a bar

consideration of $1 on February 1, 2019 per the Stamoulis Complaint, the Debtor's current 100% member and the Debtor's former 100% member.

6. The Debtor has failed to submit all documents and information requested by the UST at the IDI including a verification of pre-petition account closing, a 2020 Federal tax return, when available, pre-petition bank statements and checks for the period of January through August, 2020 for Citizens Bank account ending 7537, and information concerning the value and any encumbrances relating to the properties allegedly transferred by the Debtor per the Stamoulis Complaint.

7. Due to the above deficiencies, the section 341 meeting has been continued to Thursday, April 8, 2021 at 10 a.m.

8. During the three months that this case has been pending, the Debtor has failed to file a meaningful disclosure statement and a feasible plan of reorganization.

**ARGUMENT**

9. Since the Petition Date, the Debtor has failed to retain counsel, file accurate Schedules and SOFA, submit a clear and consistent February MOR, submit documents and information requested at the IDI, and to file a meaningful

---

date for filing proofs of claim.

disclosure statement and feasible plan of reorganization, all of which constitute gross mismanagement of the estate and/or unreasonable delay that is prejudicial to creditors and/or demonstrates continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation and/or other "cause" to dismiss or convert the case to chapter 7 per 11 U.S.C. 1112 (4)(A), (B), (F), and/or (H).

10.    The interests of creditors and the estate would best be served by the immediate dismissal or conversion of the case to chapter 7 under 11 U.S.C. 1112(b)(1). *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371 (5th Cir. 1987) *(en banc)*, *aff'd* 484 U.S. 365 (1988) (noting that "the charge to the bankruptcy judge under section 1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . ."); *In re: Andover Covered Bridge*, 553 B.R. 162, 178 (1st Cir. BAP 2016)(outlining 10 factors typically considered by courts in assessing best interests).

**REQUESTED RELIEF**

For these reasons, the UST requests that the Court enter orders 1) dismissing or converting to chapter 7 the Debtor's chapter 11 case; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE
                              REGION ONE

By:    */s/ Paula R. C. Bachtell*
        Paula R. C. Bachtell BBO# 564155
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        PHONE:   (617) 788-0415
        FAX:       (617) 565-6368
        Paula.bachtell@usdoj.gov

Dated:    April 7, 2021.

## CERTIFICATE OF SERVICE

I certify that on April 7, 2021, true and correct copies of the foregoing motion were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's counsel and U.S. Mail, postage pre-paid, on the parties referenced below.

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE
                              REGION ONE

By:   */s/ Paula R. C. Bachtell*
       Paula R. C. Bachtell BBO#564155
       United States Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       PHONE:   (617) 788-0415
       FAX:       (617) 565-6368
       Paula.bachtell@usdoj.gov

→ balksht
→ Exp post-pet debt

UNITED STATES BANKRUPTCY COURT
DISTRICT OF _____

In re **Ocean Realty Partners, LLC**

Case No. **21-10025**
Reporting Period **2/01/2021-02/28/2021**

## MONTHLY OPERATING REPORT
Complete and submit within 14 days after end of month

| REQUIRED DOCUMENTS | Form No. | Document Attached |
|---|---|---|
| Debtor's Questionnaire | Page 2 | Yes ✓   No |
| Schedule of Cash Receipts and Disbursements | Page 3 | Yes ✓   No |
| Copies of Debtor's Bank Reconciliations | | Yes ✓   No |
| Copies of Debtor's Bank Statements | | Yes ✓   No |
| Copies of Cash Disbursements Journals | | Yes   No ✓ |
| Statement of Operations | Page 4 | Yes ✓   No |
| Balance Sheet | Page 5 | Yes ✓   No |
| Schedule of Post-Petition Liabilities | Page 6 | Yes ✓   No |
| Copies of IRS Form 6123 or payment receipt | | Yes   No ✓ |
| Copies of tax returns filed during reporting period | | Yes ✓   No |
| Detailed listing of aged accounts payables | | Yes   No ✓ |
| Accounts Receivable Reconciliation and Aging | Page 7 | Yes ✓   No |
| Supporting Schedule and Disclosures | Page 8 | Yes ✓   No |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and all attachments are true and correct to the best of my knowledge and belief.

_Signature_                                03/16/2021
Signature of Authorized Individual*        Date

**Eric Appleton**                          **manager**
Printed Name of Authorized Individual      Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if the debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

COVER PAGE
01/01/15

**Ocean Realty Partners, LLC**
Debtor

Case No. 21-10025
Reporting Period 2/01/2021-02/28/2021

## SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

Amounts reported should be per the debtor's books, not the bank statements. The beginning cash should be the ending cash from the prior month or, if this is the first report, the amount should be the balance on the date the petition was filed. The total disbursements listed in the disbursements journal must equal the total disbursements reported on this page.

| | BANK ACCOUNTS | | | | |
|---|---|---|---|---|---|
| | Operational | Payroll | Tax | Other | Total of All Accounts |
| CASH BEGINNING OF MONTH | $2,168.50 | $0.00 | $0.00 | $0.00 | $2,168.50 |
| **RECEIPTS** | | | | | |
| CASH SALES | $1,400.00 | $0.00 | $0.00 | $0.00 | $1,400.00 |
| ACCOUNTS RECEIVABLE, Pre-petition | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ACCOUNTS RECEIVABLE, Post-petition | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| LOANS AND ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SALE OF ASSETS | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| OTHER (ATTACH LIST) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRANSFERS (FROM DIP ACCTS) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL RECEIPTS | $1,400.00 | $0.00 | $0.00 | $0.00 | $1,400.00 |
| **DISBURSEMENTS** | | | | | |
| NET PAYROLL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAYROLL TAXES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SALES, USE & OTHER TAXES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| INVENTORY PURCHASES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SECURED/RENTAL/LEASES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| INSURANCE | $0.00 | $0.00 | $0.00 | $156.00 | $156.00 |
| ADMINISTRATIVE EXPENSE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SELLING EXPENSE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| OTHER (ATTACH LIST) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| OWNER DRAW * | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRANSFERS (TO DIP ACCTS) | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 |
| PROFESSIONAL FEES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| U.S. TRUSTEE QUARTERLY FEES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| COURT COSTS | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL DISBURSEMENTS | $0.00 | $0.00 | $0.00 | $156.00 | 156.00 |
| NET CASH FLOW (RECEIPTS LESS DISBURSEMENTS) | $1,400.00 | $0.00 | $0.00 | -$156.00 | $1,244.00 |
| CASH - END OF MONTH | $3,568.50 | $0.00 | $0.00 | -$156.00 | $3,412.50 |

*COMPENSATION TO SOLE PROPRIETORS FOR SERVICES RENDERED TO BANKRUPTCY ESTATE

**THE FOLLOWING SECTION MUST BE COMPLETED**

| DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES: | |
|---|---|
| TOTAL DISBURSEMENTS | $156.00 |
| LESS: TRANSFERS TO DEBTOR IN POSSESSION ACCOUNTS | $0.00 |
| PLUS: ESTATE DISBURSEMENTS MADE BY OUTSIDE SOURCES (i.e. from escrow accounts) | $ |
| TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES | $156.00 |

Page 3
01/01/15



# TD Bank
### America's Most Convenient Bank®

OCEAN REALTY PARTNERS LLC
DEBTOR IN POSSESSION
70 WINTER ST
WORCESTER MA    01604

039 / Chapter 11 Checking            8258590394

| | | | | |
|---|---|---|---|---|
| Statement Beginning Balance | | | | $0.00 |
| Plus | 1 | Deposits and Other Credits | | $1,325.00 |
| Less | 0 | Checks and Other Debits | | $0.00 |
| Statement Balance As Of: 02/28/2021 | | | | $1,325.00 |

## Transactions By Date

| Date | Description | Debit | Credit | Balance |
|---|---|---|---|---|
| 02/11/2021 | DEPOSIT | | $1,325.00 | $1,325.00 |

Page 1 of 1



ROP450
P.O. Box 7000
Providence, RI 02940



**1-800-862-6200**
Call Citizens' PhoneBank anytime for account information, current rates and answers to your questions.

Business Account Statement

**1** OF 2

Beginning February 01, 2021 through February 28, 2021

OCEAN REALTY PARTNERS LLC
303 BERKELEY ST UNIT 4
BOSTON MA  02116-1566

---

## Business Checking

US702

### SUMMARY

OCEAN REALTY PARTNERS LLC
**Clearly Better Business Checking**
1335~~~-753-7

**Balance Calculation**

| | | |
|---|---:|---|
| Previous Balance | 817.46 | |
| Checks | .00 | - |
| Debits | 21,180.74 | - |
| Deposits & Credits | 21,500.00 | + |
| **Current Balance** | **1,136.72** | = |

As a Clearly Better Business Checking customer, you do not pay a monthly maintenance fee. We appreciate your continued business.

Your next statement period will end on March 31, 2021.

Previous Balance
817.46

### TRANSACTION DETAILS
**Debits**

**Other Debits**

| Date | Amount | Description |
|---|---:|---|
| 02/09 | 20,000.00 | Online Transfer To Checking 1333749071 |
| 02/11 | 526.59 | National Grid NE Utilitypay 021121 05493213004 |
| 02/22 | 654.15 | Citizens Bank Loan Pymnt 210220 00001047033752 |

Total Debits
21,180.74

**Deposits & Credits**

| Date | Amount | Description |
|---|---:|---|
| 02/09 | 20,000.00 | Online Transfer From Checking 1328112672 |
| 02/22 | 1,500.00 | Online Transfer From Checking 1333749071 |

Total Deposits & Credits
21,500.00

Current Balance
1,136.72

**Daily Balance**

| Date | Balance | Date | Balance | Date | Balance |
|---|---:|---|---:|---|---:|
| 02/09 | 817.46 | 02/11 | 290.87 | 02/22 | 1,136.72 |

**MEMO**

--GET MORE OUT OF EVERY 24
Our next generation App* is here with:
 - New running balance
 - All your account information on one screen
 - Faster updates and enhancements
Download it now.

Member FDIC  Equal Housing Lender

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS. | TRIAL COURT OF MASSACHUSETTS<br>WORCESTER SUPERIOR COURT<br>CIVIL ACTION NO. |

_____ )
                                                             )
TODD STAMOULIS,                             )
                                                             )
                    Plaintiff,                       )
                                                             )
v.                                                       )
                                                             )
OCEAN REALTY                                 )
PARTNERS, LLC,                               )
LOUIS DELPIDIO, AS TRUSTEE   )
OF THE 63 TN BEACH HOUSE    )
TRUST and                                        )
OCEAN VACATIONS, LLC,             )
                                                             )
                    Defendants.                   )
_____ )

**PLAINTIFF TODD STAMOULIS' VERIFIED COMPLAINT IN SUPPORT OF
MOTION FOR ATTACHMENT OF REAL ESTATE
TRANSFERRED BY DEFENDANT OCEAN REALTY PARTNERS, LLC
AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
<u>AS TO FURTHER TRANSFERS OF REAL ESTATE</u>**

The Plaintiff, Todd Stamoulis ("Stamoulis"), hereby brings this action against the Defendant, Ocean Realty Partners, LLC ("ORP"), for its failure to pay a $300,000.00 commercial Promissory Note executed by ORP in January 2018. The Note matured in January 2019, but ORP has failed to make any payments to Stamoulis. However, in the months following ORP's execution of the Note and failure to pay the balance due, ORP transferred the real estate assets that it owned in Nantucket and Yarmouth to the 63 Tom Nevers Beach House Trust and Ocean Vacations, LLC, each of which are controlled by the Defendant's Managers. Stamoulis contends that these transfers were made to avoid collection on the Note and thereby

-1-

constitute fraudulent transfers pursuant to the Uniform Fraudulent Transfer Act (M. G. L. c. 109A).

## PARTIES AND JURISDICTION

1. The Plaintiff, Todd Stamoulis, is an individual with a residential address of 10 General Henry Knox Road, Southborough, Worcester County, Massachusetts ("Stamoulis").

2. The Defendant, Ocean Realty Partners, LLC, is a Massachusetts limited liability company with a business address of 303 Berkeley Street, Unit 4, Boston, Suffolk County, Massachusetts ("ORP").

3. The Defendant, Louis Delpidio, in his capacity as Trustee of the 63 TN Beach House Trust, is, upon information and belief, a Massachusetts resident with a residential address of 303 Berkeley Street, Unit 4, Boston, Suffolk County, Massachusetts ("Delpidio").

4. The Defendant, Ocean Vacations LLC, is, upon information and belief, a Massachusetts limited liability company with a business address of 171 Phillips Avenue, Swampscott, Essex County, Massachusetts ("Ocean Vacations").

5. The amount in controversy is greater than $25,000.00, and therefore the Superior Court has jurisdiction over this action.

6. Jurisdiction and venue are proper in Worcester Superior Court as Stamoulis is a resident of Worcester County.

## FACTUAL ALLEGATIONS

**Formation of ORP and Purchase of Real Estate**

7. In November 2014, Stamoulis and a second individual named Nicholas Fiorillo ("Fiorillo") formed ORP for the purpose of purchasing, selling, managing, and developing real estate. Stamoulis was ORP's Manager.

8. Stamoulis and Fiorillo each held a fifty percent (50%) interest in ORP.

9. Stamoulis contributed capital to ORP for its purchases of real estate, while Fiorillo researched investment properties for purchase.

10. After ORP was formed, ORP purchased several investment properties in Newton, West Yarmouth, and Nantucket.

11. All of the properties were purchased with funds provided to the LLC by Stamoulis.

12. In February 2015, ORP purchased the residential property located at 39-41 Terrace Avenue in Newton, Massachusetts ("Newton Property").  See Ex. 1, Deed dated February 4, 2015.[1]

13. In December 2016, ORP purchased the residential property located at 1 Railway Bluffs in West Yarmouth, Massachusetts ("Yarmouth Property").  See Ex. 2, Deed dated December 19, 2016.

14. The Yarmouth Property is a vacation rental property and upon information and belief, generates approximately $180,000.00 in rental income annually.

15. In April 2017, ORP purchased the residential property located at 63 Tom Nevers Road in Nantucket ("Nantucket Property").  See Ex. 3, Deed dated April 28, 2017.

16. The Nantucket Property is also a vacation rental property and upon information and belief, also generates $180,000.00 in rental income annually.

**Stamoulis' Sale of LLC Interest**

17. Subsequently, in early 2018, Stamoulis and Fiorello agreed that a third individual, Louis Delpidio ("Delpidio"), would purchase Stamoulis' 50% interest in ORP with Stamoulis to

---

[1] All Exhibits are attached hereto and are referred to as "Ex. __."

be removed as Manager and released from four (4) personal guaranties in connection with a mortgage loan granted to ORP. Delpidio would be substituted as the guarantor on that mortgage loan.

18. On or about January 30, 2018, Stamoulis, ORP, Fiorillo, and Delpidio entered into an LLC Interest Purchase Agreement ("Agreement"). See Ex. 4, Agreement.

19. Pursuant to the terms of the Agreement, Stamoulis transferred his 50% interest in ORP to Delpidio, and ORP paid the purchase price on behalf of Delpidio by executing and delivering a Promissory Note in favor of Stamoulis in the original principal amount of $300,000.00 ("Note"). See Ex. 4 at ¶¶ 1-3; see Ex. 5, Note.

20. The Note has a maturity date of January 31, 2019. See Ex. t 5.[2]

21. The Note was secured by a mortgage granted by ORP in favor of Stamoulis on the Newton Property. See Ex. 6, Mortgage. The Mortgage was recorded on February 2, 2018 with the Middlesex South Registry of Deeds in Book 70588, Page 397.

**Conveyance of ORP Properties and Nonpayment on the Note**

22. In the one-year time period between ORP's execution of the Note on January 30, 2018 and its January 2019 maturity date, ORP's ownership of the Yarmouth and Nantucket Properties were each conveyed to separate entities controlled by Fiorillo or Delpidio.

23. On June 20, 2018, five (5) months after ORP executed the Note, ORP conveyed the Nantucket Property to the Defendant Trust for consideration of $1.00. See Ex. 7, Deed.

24. Delpidio is the Trustee of the Trust. See Ex. 8, Declaration of Trust for 63 TN Beach House Trust.

---

[2] The maturity date set forth in the Note reads "January _ , 2019", with the date left blank by the parties. Since the Note is dated January 30, 2020, the maturity date is assumed to be January 31, 2020, the final day of January.

-4-

25. The Trust was formed on June 13, 2018, one (1) week before ORP transferred the Nantucket Property into the Trust. Id.

26. The value of the Nantucket Property was $1,496,400.00 when it was conveyed to the Trust. See Ex. 9, Assessed Value from website of Assessor for Town of Nantucket.

27. Just recently, on August 5, 2020, the Trust granted a mortgage on the Nantucket Property to an individual named Cynthia Delpidio in the amount of $325,000.00. See Ex. 10, Mortgage. Ms. Delpidio has the same address as Defendant Delpidio.

28. In January 2019, the Note matured. However, ORP failed to pay Stamoulis the amount due on the Note, and to date, has not paid any amounts due.

29. On February 1, 2019, one (1) day after the Note's maturity date, ORP transferred the Yarmouth Property to Defendant Ocean Vacations for consideration of $1.00. See Ex. 11, Deed.

30. Fiorillo is the Manager of Ocean Vacations. See Ex. 12, Business Entity Summary from Corporations Database of the Massachusetts Secretary of State.

31. Ocean Vacations was formed on January 30, 2019, the day before the Note matured, and two (2) days before ORP transferred the Yarmouth Property into Ocean Vacations' ownership. See Ex. 12.

32. The value of the Yarmouth Property was $591,300.00 when it was conveyed to Ocean Vacations. See Ex. 13, Assessed Value from website of Assessor for Town of Yarmouth.

33. With regard to the Newton Property, on January 6, 2020, a senior lender foreclosed its mortgage on the Newton Property. See Ex. 14, Foreclosure Deed. The Newton Property sold for $2,010,000.00 at auction.

34. Stamoulis has received no proceeds from the foreclosure sale of the Newton Property.

35. Stamoulis holds no other security for the unpaid Note.

36. To the best of Stamoulis' knowledge, ORP no longer holds title to any other real property.

37. Stamoulis alleges that ORP has transferred its real property assets to separate but related entities in an effort to hinder Stamoulis' ability to collect the balance due on the Note.

38. To the best of Stamoulis' knowledge, ORP has no other assets, and none of the Defendants possess liability insurance that would be available to satisfy a judgment in the amount owed to him.

39. However, the Yarmouth and Nantucket Properties generate substantial rental income.

40. As of the date of filing of this Complaint, ORP owes Stamoulis $300,000.00, plus all accrued interest. The interest rate on the Note is 1.24% per annum. See Ex. 5 at p. 1.

41. Under the terms of the loan documents, ORP is also liable for all costs of collection, including attorney's fees. See Ex. 5 at p. 1.

## COUNT I – BREACH OF CONTRACT

42. Stamoulis hereby incorporates the allegations set forth in Paragraphs 1 through 41.

43. As of the date of filing of this Complaint, ORP has failed to tender payment of the outstanding amounts due on the Note following the maturing of the debt on January 31, 2019.

44. By failing to tender payment to Stamoulis, in the amount of $300,000.00 plus accrued interest, ORP has breached the terms of the Note.

## COUNT II – UNJUST ENRICHMENT

45.Stamoulis hereby incorporates the allegations set forth in Paragraphs 1 through 44.

46.ORP has received the benefit of Stamoulis' sale of his interest in ORP without tendering payment of the outstanding amounts due on the Note.

47.ORP has been unjustly enriched by the sale without tendering payment of the outstanding amounts due on the Note.

## COUNT III - FRAUDULENT TRANSFER OF NANTUCKET PROPRTY
### (M. G. L. c. 109A, § 5(a)(1) and § 8)

48.Stamoulis hereby incorporates the allegations set forth in Paragraphs 1 through 47.

49.M. G. L. c. 109A, § 5(a)(1) provides that a transfer by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor.

50.Pursuant to M. G. L. c. 109A, § 5(b), actual intent may be determined by a number of factors, including whether the transfer was to an insider, the debtor retained possession or control over the property after the transfer, the amount of consideration given the value of the asset being transferred, and whether the transfer occurred shortly before or after a substantial debt was incurred.

51.ORP transferred the Nantucket Property to a Trust whose Trustee, Delpidio, is one of ORP's Managers, and the Trust was created shortly before the transfer.

52.The Nantucket Property was transferred for nominal consideration after ORP executed the Note, leaving ORP with no remaining assets.

53. ORP made this transfer with the actual intent to hinder, delay, or defraud Stamoulis as a creditor.

54. Stamoulis seeks relief under M. G. L. c. 109A, § 8 through avoidance of the transfers of the Nantucket Property an attachment against the Property, an order preventing further transfers by the Trust, and a money judgment against the Trust should the transfer be avoided.

### COUNT IV - FRAUDULENT TRANSFER OF YARMOUTH PROPERTY
### (M. G. L. c. 109A, § 5(a)(1) and § 8)

55. Stamoulis hereby incorporates the allegations set forth in Paragraphs 1 through 54.

56. ORP transferred the Yarmouth Property to a different entity, Ocean Vacations, an LLC that is managed by Fiorillo, one of ORP's Managers, and Ocean Vacations was created one (1) week before the transfer.

57. The Yarmouth Property was transferred for nominal consideration after ORP executed the Note, leaving ORP with no remaining assets.

58. ORP made this transfer with the actual intent to hinder, delay, or defraud Stamoulis as a creditor.

59. Stamoulis seeks relief under M. G. L. c. 109A, § 8 through avoidance of the transfer of the Yarmouth Property, an attachment against the Property, an order preventing further transfer by Ocean Vacations, and a money judgment against the Trust should the transfer be avoided.

WHEREFORE, Stamoulis respectfully requests that this Court

a. Enter judgment against all Defendants in favor of Stamoulis in the amount of $300,000.00, plus all accrued interest and additional interest accrued from the date of the Complaint through the date of judgment, together with costs of collection and reasonable attorney's fees allowed under the Note;

b. Enter an Order avoiding the transfers of the Nantucket and Yarmouth Properties, allowing Stamoulis an attachment on the Properties and preventing further disposition of the Properties by the Defendant transferees; and

c. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

PLAINTIFF
TODD STAMOULIS,

By its attorneys,

_____
Robert S. Adler  B.B.O. #544145
Jennifer L. Conrad  B.B.O. #645132
SEDER & CHANDLER, LLP
339 Main Street
Worcester, MA 01608
Tel. 508-757-7721
Fax 508-831-0955
Dated: November 2, 2020        jconrad@sederlaw.com

-9-